IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIELSEN MEDIA RESEARCH, INC., ) | FILED: NOVEMBER 10, 2008 |
| ) | 08 CV 6446 |
| Plaintiff, ) | JUDGE PALLMEYER |
| ) | MAGISTRATE JUDGE VALDEZ |
| v. ) | AO |
| ) | Case Action No. |
| TRUCK ADS, LLC, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Nielsen Media Research, Inc., for its Complaint against Defendant Truck Ads LLC, alleges as follows:

### Parties

1. Plaintiff Nielsen Media Research, Inc. ("Nielsen Media Research") is a corporation organized under the laws of Delaware and maintains its principal place of business at 770 Broadway, 14th Floor, New York, New York 10003-9595.

2. On information and belief, Defendant Truck Ads, LLC ("Defendant"), is a limited liability company organized and existing under the laws of Virginia, with a principal place of business at 2028 Virginia Avenue, McLean, Virginia 22101. On information and belief, Defendant is an outdoor advertising media company that operates an international network of licensed affiliates, which provide fleet graphics services and mobile advertising services.

## Jurisdiction and Venue

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that it involves an action arising under the Copyright Laws of the United States.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) in that Defendant or its agent reside or may be found in this District.

## Nature of the Case

5. Nielsen Media Research brings this action in response to Defendant's willful infringement of Nielsen Media Research's registered copyrights in violation of Section 106 of the Copyright Act, 17 U.S.C. §106.

## Nielsen Media Research and its DMA Regions, Data and Maps

6. Since the 1950s, and continuing through today, Nielsen Media Research has produced and licensed audience estimates and television ratings, which provide a projection of the size and composition of television program audiences. Nielsen Media Research also provides information, analyses and reports about competitive advertising and audience reach for print, radio and television, as well as research and information relating to broadcasting and Internet usage and demographic information. Nielsen Media Research also designs computer hardware and software that is used to collect and manage its audience research.

7. For the purpose of compiling demographic and other data in statistically significant samples, and as a part of its business, Nielsen Media Research has designed and regularly uses a set of proprietary criteria and testing devices, as well as the experience and judgment of its analysts, to partition regions of the United States into geographically-distinct marketing regions, or designated marketing areas (the "DMA Regions"). Currently, there are 210 proprietary DMA Regions. Further, Nielsen Media Research produces statistical and demographic data and analyses based on its proprietary testing and research methods for each

DMA Region (the "DMA Data"). Nielsen Media Research licenses its DMA Data and Regions to third parties that wish to use these unique marketing boundaries in their businesses. Pursuant to these licenses, licensees are contractually prohibited from disclosing or otherwise making available the DMA Data and DMA Regions to non-licensees for use in their businesses.

8. In connection with the foregoing, and for many years prior to the wrongful conduct of Defendant alleged herein, Nielsen Media Research has created a series of original maps that graphically depict its proprietary DMA Regions and other DMA Data, all of which are the product of a creative selection, arrangement and expression of variables and data sets (the "DMA Maps").

9. In February 2008, Nielsen Media Research registered the 2002, 2003, and 2004 DMA Maps with the United States Copyright Office in compliance with the Copyright Act and all other laws governing copyright. Accordingly, on or about February 28, 2008, the United States Copyright Office issued Certificates of Copyright Registration to Nielsen Media Research for the "2002-2003 Designated Market Areas," (Registration No. VAu 959-089), "2003-2004 Designated Market Areas" (Registration No. VAu 959-090), and "2004-2005 Designated Market Areas" (Registration No. VAu 959-088) (collectively, "Copyrighted DMA Maps"). Copies of the U.S. Copyright Registrations for the Copyrighted DMA Maps, including a copy of the DMA Maps are attached hereto as Exhibits A, B, and C, respectively.

10. Nielsen Media Research owns all right, title and interest in and to the Copyrighted DMA Maps.

**Defendant and Its Wrongful Conduct**

11. On information and belief, Defendant is an outdoor advertising media company that operates an international network of licensed affiliates, including the affiliate Transportation

3

Branding Solutions located in Chicago, Illinois. Defendant provides fleet graphics services and mobile advertising, including truck-side advertising and mobile billboards.

12. On information and belief, Defendant uses a business model whereby it provides certain services and licenses to entities seeking to provide mobile advertising services in certain geographic areas. To do so, Defendant uses and reproduces Nielsen Media Research's Copyrighted DMA Maps, DMA Data and DMA Regions to define these geographic regions and set prices for those licenses according to the rank of the DMA Regions. On information and belief, these entities offer services to advertising agencies and businesses that wish to advertise their respective goods and services with billboards and other graphics placed on the sides of delivery trucks. Thus, for example, Defendant has granted certain licenses and provides services based upon its use and reproduction of the DMA Maps and DMA Data to Transportation Branding Solutions, which serves as Defendant's affiliate in the Chicago DMA region. As a result, an advertiser in Chicago, Illinois, can contact Transportation Branding Solutions regarding placing an advertisement on the side of a truck. The advertiser can then contract with Transportation Branding Solutions to place an advertisement on the side of a truck, which would then be driven within the Chicago DMA Region. The advertiser would then receive a report on where the advertisement traveled and an estimate of how many people, or "impressions" viewed the advertisement.

13. Defendant operates a website at www.truckads.com through which it copies, reproduces, and by permitting their reproduction by website users, distributes copies of Nielsen Media Research's Copyrighted DMA Maps, DMA Data and DMA Regions. On information and belief, Defendant has also made derivative works of the Copyrighted DMA Maps, DMA Data

and DMA Regions. A copy of printouts from the www.truckads.com website is attached hereto as Exhibit D.

14. Nielsen Media Research has never authorized use of its Copyrighted DMA Maps, DMA Data, or DMA Regions in any manner and has demanded that Defendant cease use of its Copyrighted DMA Maps, DMA Data and DMA Regions.

15. Despite Nielsen Media Research's persistent demands, and with knowledge of Nielsen Media Research's rights in the Copyrighted DMA Maps, DMA Data and DMA Regions, Defendant has not removed and, without authorization, continues to copy, distribute and make derivative works of one or more of the Copyrighted DMA Maps, DMA Data and DMA Regions.

16. On information and belief, Defendant's infringement is continuing and constitutes willful and intentional infringement of the Copyrighted DMA Maps.

## Cause of Action - Copyright Infringement

17. Nielsen Media Research re-alleges and reincorporates herein the allegations in paragraphs 1 through 16 above, as set forth herein in full.

18. As set forth above, Defendant has knowingly, willfully, and without Nielsen Media Research's authorization, copied and distributed copies of, and made and distributed copies of derivative works based upon, the Copyrighted DMA Maps, DMA Data, and DMA Regions and continues to do so in violation of Nielsen Media Research's exclusive rights under Section 106 of the Copyright Act, 17 U.S.C. § 106.

19. Defendant's aforesaid conduct constitutes infringement under Section 501 of the Copyright Act 17 U.S.C. § 501.

20. Defendant's actions have caused and will continue to cause Nielsen Media Research substantial damage and irreparable injury. Nielsen Media Research will suffer further

irreparable injury for which it has no adequate remedy at law unless and until Defendant is enjoined from infringing the Copyrighted DMA Maps.

21. As a direct and proximate cause of Defendant's infringement of the Copyrighted DMA Maps, Nielsen Media Research has suffered actual damages, and Defendant has profited in an amount to be determined at trial.

22. Nielsen Media Research is entitled to recover from Defendant damages for Defendant's willful infringement of the Copyrighted DMA Maps, together with prejudgment interest thereon.

23. Pursuant to the Copyright Act, Nielsen Media Research is entitled to an injunction prohibiting Defendant from continuing to use, reproduce or distribute the Copyrighted DMA Maps, DMA Data and DMA Regions.

### Prayer for Relief

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a.    That a Permanent Injunction be entered:

        (1)    enjoining Defendant, its agents, employees, subsidiaries, licensees, successors and assigns, and all other persons in active privity or participation with it from engaging in any further acts of copyright infringement relating to the Copyrighted DMA Maps in violation of the Copyright Act as provided under 17 U.S.C. § 502;

        (2)    requiring Defendant, its agents, employees, subsidiaries, licensees, successors and assigns, and all other persons in active privity or participation with it to destroy any copies of infringing articles as provided under 17 U.S.C. § 503; and

    (3)    requiring Defendant to file in Court and serve on Nielsen Media Research, within 30 days after entry of the Injunction, a written report, under oath, setting forth in detail the manner and form in which they have complied with the Injunction;

b.    that Defendant has willfully copied Nielsen Media Research's copyrighted works in violation of the Copyright Act;

c.    that Defendant pay Nielsen Media Research actual damages suffered by Nielsen Media Research as a result of infringement and any profits of Defendant that are attributable to the infringement as provided under 17 U.S.C. § 504;

d.    for costs of suit and Nielsen Media Research's attorney's fees as provided under 17 U.S.C. § 505; and

e.    awarding all other further and relief as this Court deems proper and just.

## Demand for Jury Trial

Pursuant to Federal Rules of Civil Procedure 38(b), Nielsen Media Research hereby demands a trial by jury as to all issues in the foregoing action.

November 10, 2008	Respectfully submitted,

By:	s/Antony J. McShane
Attorneys for Plaintiff
NIELSEN MEDIA RESEARCH, INC.

Antony J. McShane
Hillary A. Mann
Gregory Leighton
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, Illinois 60602-3801
(312) 269-8000

NGEDOCS: 1564652.1